UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DON GOLDEN, an individual,

    Plaintiff,

vs.                                                                 Case No. 3:09-cv-467-J-20MCR

CLEAR VOICE RESEARCH, LLC., a Florida
corporation,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 28) filed March 31, 2010. Defendant filed a response in opposition to this Motion on April 9, 2010. Accordingly, the matter is now ripe for judicial review.

The Motion indicates Plaintiff is awaiting the production of numerous documents from Defendant. Apparently, Defendant has agreed to produce the documents and the only issue before the Court is where the production will take place. Plaintiff asked to have the documents produced in Jacksonville, Florida, where the action is pending and where Defendant's principal place of business is located. However, according to Plaintiff, Defendant refused and insisted counsel for Plaintiff travel to its facility in Colorado to inspect the documents.

In its response, Defendant stated it would produce the requested documents on a disk within fourteen days. Defendant asked the Court to order Plaintiff to pay for the time and expense incurred by Defendant in producing the documents.

-1-

The Court will therefore, deny Plaintiff's Motion to Compel (Doc. 28) as moot and direct Defendant to provide the responsive documents no later than **Friday, April 23, 2010**. Additionally, the Court believes it is proper for Plaintiff to be required to pay the reasonable costs of placing the responsive documents on disk, which the Court finds comparable to producing copies of responsive documents. However, Plaintiff is not required to pay for the time or effort associated with complying with the document request. See Williams v. Taser Intern., Inc., No 1:06-cv-51-RWS, 2006 WL 1835437, *6 (N.D. Ga. June 30, 2006) (requiring requesting party to pay for expenses associated with copying documents and specifically noting that requesting party would not be responsible for other expenses "associated with compiling, organizing, and labeling responsive documents") (citations omitted).

Accordingly, the Court once again directs the parties to confer regarding the reasonable expense associated with placing the documents on disk in an attempt to reach an agreement. If the parties are unable to agree on an amount, counsel for Defendant shall file a motion with the Court requesting an order directing Plaintiff to pay the reasonable costs and providing an affidavit regarding the costs no later than **Friday, April 30, 2010**.

The Court sincerely hopes the parties will be able to resolve this dispute without further Court involvement.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  13th   day of April, 2010.

                                                  *Monte C. Richardson*
                                             MONTE C. RICHARDSON
                                   UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record